UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**JUSTICE FAMILY FARMS LLC**
**a West Virginia Limited**
**Liability Company,**

     **PLAINTIFF**                 CIVIL ACTION NO. 5:11-0426

**v.**

**GUESS IRRIGATION COMPANY**
**LLC, a South Carolina Limited**
**Liability Company**

     **DEFENDANT**

### COMPLAINT
\*\* \*\* \*\* \*\* \*\* \*\* \*\*

The Plaintiff, Justice Family Farms LLC ("Justice"), for its Complaint against the Defendant Guess Irrigation Company LLC ("Guess"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Justice is a West Virginia Limited Liability Company, with its principal offices in Beckley, West Virginia, whose sole member is a citizen of the state of West Virginia.

2. Guess is a South Carolina limited liability company, with, upon information and belief, its principal offices in St. Matthews, South Carolina, whose members, upon information and belief, are all citizens of states other than West Virginia.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it involves citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. By virtue of having entered into an agreement with a West Virginia Limited Liability Company (Justice); for its travel to West Virginia to negotiate various aspects of the

commercial relationship with Justice; and for other reasons, including having transacted business in West Virginia in connection with the acts sued upon, Guess is subject to personal jurisdiction in West Virginia.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2). A substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in the Beckley Division of this Court.

## FACTUAL ALLEGATIONS

6. On or about February 10, 2011, Guess traveled to Beckley, West Virginia to meet with representatives of Justice, to attempt to sell Justice its services in constructing an irrigation system for Justice's Catfish Bay Farm, located in Dillon and Marlboro Counties, South Carolina ("the Farm.")

7. On this trip and other occasions, Guess represented to Justice that Guess would oversee construction of the complete irrigation system, including supervision and coordination of those components which would require the services of other parties.

8. Justice informed Guess, and Guess was aware, that Justice was relying on Guess to oversee the complete irrigation project (construction of the complete irrigation system, including supervision and coordination of those components which would require the services of other parties.)

9. Justice informed Guess, and Guess was aware, that Justice needed the irrigation system to sustain approximately 1700 acres of corn which Justice intended to plant at the Farm during the 2011 growing season.

10. In reliance on the assurances provided by Guess, Justice agreed to engage Guess to construct the irrigation system.

11. On or around February 10, 2011, Guess and Justice entered into an agreement whereby Guess contracted to construct the planned irrigation system at the Farm in exchange for payment to Guess.

12. Because it was critical that Justice not enter the summer dry season with no ability to irrigate the corn crop, the parties included a completion date for the project of April 15, 2011.

13. Guess was aware of the importance of this date, and that time was the essence of this contract.

14. With irrigation, the Farm could have produced approximately 200 bushels of corn per planted acre.

15. It is expected without the timely completion of the irrigation system that the Farm will produce approximately 80 bushels per acre instead of the expected 200 bushels per acre.

16. The loss in yield to Justice results in a loss of approximately 204,000 bushels or more.

17. At the current market rate of $7.00 per bushel, Justice will sustain a loss of revenue of at least approximately $1,428,000.00.

18. In reliance on Guess' assurances, Justice contracted with third parties for the sale of the expected corn production.

19. Replacement of the lost corn yield with corn bought on the open market would result in a loss of at least $2.00 per bushel or damages of at least $408,000.00.

20. If Justice is unable to perform on agreements with third party purchasers, Justice's reputation in the marketplace will be harmed.

21. As of this date, Guess has yet to complete construction of the irrigation system, in breach of its obligations to Justice.

22. The lack of irrigation has substantially reduced the expected yield of the crop, such that Justice may experience a total loss of the crop.

23. All conditions precedent to the bringing of this action by Justice have been performed or excused.

## CLAIM FOR RELIEF

24. In support of its Claim, Justice restates the allegations contained in the preceding paragraphs as if fully stated herein.

25. Guess has breached the agreement with Justice, by, *inter alia*, failing to construct and install the irrigation system as promised, failing to coordinate and oversee construction of the irrigation system in a reasonable and non-negligent manner, failing to use its best efforts to construct the irrigation system, and failing to act in accordance with the duty of good faith imposed by the agreement.

26. Justice has been damaged as a proximate result of the foregoing breaches by Guess.

## PRAYER

WHEREFORE, Justice demands compensatory damages in an amount sufficient to compensate it for its losses; prejudgment interest; its costs and a reasonable attorney's fee; trial by jury on all issues so triable; and such other relief as this Court deems just.

Respectfully submitted,

/s/ *Jared M. Tully*
Jared Tully (WV Bar No. 9444)
Frost Brown Todd LLC
Laidley Tower, Suite 401
500 Lee Street East
Charleston, WV 25301-3207

*Attorney for Justice Family Farms LLC*