# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

**JUSTICE FAMILY FARMS LLC,**
a West Virginia Limited Liability Company,

        **Plaintiff,**

**v.**                                                   **CIVIL ACTION NO. 5:11-0426**

**GUESS IRRIGATION COMPANY LLC,**
a South Carolina Limited Liability Company,[1]

        **Defendant.**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

Defendant, properly identified as Guess Farm Equipment Company, Inc. d/b/a Guess Irrigation Company ("Guess Farm Equipment" or "Defendant"), by counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss, or in the Alternative, Motion to Transfer Venue, and states as follows:

### PRELIMINARY STATEMENT

Plaintiff, Justice Family Farms LLC ("JFF" or "Plaintiff"), has filed a single-count breach of contract action against Guess Farm Equipment in a State and District where Defendant neither resides nor transacts business, and where no performance under the contract was performed or even contemplated. The Complaint should be dismissed, in its entirety, for two independently sufficient reasons: (i) under Rule 12(b)(2) of the Federal Rules of Civil Procedure on the ground that JFF has failed to allege facts sufficient to support the exercise of personal jurisdiction over it and no such facts exist, and (ii) under Rule 12(b)(3) because JFF has filed this action in a district

---

[1] The Defendant is incorrectly identified in the Complaint as Guess Irrigation Company, LLC. The proper corporate entity is Guess Farm Equipment Company, Inc., d/b/a Guess Irrigation Company.

{C2102263.1}

that is improper under 28 U.S.C. § 1391(a) since a substantial part of the claim did not occur in this District.

First, this Court's exercise of personal jurisdiction over Guess Farm Equipment would violate the requirements of the West Virginia long-arm statute and the Due Process Clause of the Fourteenth Amendment. Guess Farm Equipment — an entity existing under the laws of South Carolina — is a non-domiciliary corporation that simply has no presence in this State sufficient to bring it within this Court's *in personam* jurisdiction. JFF cannot carry its burden to show sufficient "minimum contacts" between Defendant and West Virginia. Defendant did not now — or on any prior occasion — enter into a contract to be performed, in whole or in part, in West Virginia. It conducts no business and sells no services or products in West Virginia. It does not maintain a place of business in West Virginia, is not licensed to do business in West Virginia, and does not own, lease, manage, or maintain any real property in West Virginia. Defendant has not purposefully directed its activities at this State or availed itself of the jurisdiction. Furthermore, the exercise of jurisdiction over Guess Farm Equipment in this case would offend "traditional notions of fair play and substantial justice," as contemplated by federal due process requirements. Accordingly, the entirety of Plaintiff's Complaint against Defendant should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Second, the Complaint warrants dismissal pursuant to Rule 12(b)(3) for improper venue. In accordance with 28 U.S.C. § 1391, a civil action wherein jurisdiction is founded solely on diversity of citizenship may be brought in any judicial district where the defendant resides, or where a substantial part of the events or omissions giving rise to the claim occurred.  For venue purposes, a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c).  Since Guess Farm Equipment

is not subject to personal jurisdiction in West Virginia, and since the events or omissions giving rise to the claim occurred substantially outside West Virginia, the action should be dismissed based on improper venue.

As an alternative to dismissal, this case should be transferred to the United States District Court for South Carolina because all of the traditional public and private Gulf Oil factors, codified at 28 U.S.C. §1404(a), strongly militate in favor of having this case be litigated and tried in the District of South Carolina. As detailed below, all of the presently known fact witnesses, except one, reside in South Carolina. The location of the project is in South Carolina, and all of the work performed — and at issue in this case — was performed at JFF's farm in South Carolina. The parties to this case transact business, maintain offices, and employ individuals in South Carolina. This case has no rational or artculable nexus to this District, and in fact has nothing to do with West Virginia at all. Under the circumstances of this case, this action should, at the very least, be transferred to the District of South Carolina for the convenience of the parties and the witnesses likely to be called, and to promote the interests of justice.

## STATEMENT OF FACTS

A.    The Parties

The proper Defendant in this action is Guess Farm Equipment Company, Inc., d/b/a Guess Irrigation Company ("Guess Farm Equipment"). (Exhibit A, South Carolina Secretary of State Record; Exhibit C, Hane Aff. ¶ 2.) Guess Farm Equipment is a long-standing corporate resident of South Carolina, organized and existing under South Carolina laws since June 1975. (Hane Aff. ¶ 3.) Guess Farm Equipment's principal place of business and only office is located at 2627 Colonel Thomson Highway, St. Matthews, South Carolina 29135. (Hane Aff. ¶ 6.) Guess Farm Equipment has never registered to do business in West Virginia, has never done business in

West Virginia, has never owned property located in West Virginia, and has never maintained an office or agent in West Virginia. (Hane Aff. ¶¶ 7-10.)

JFF is a West Virginia limited liability company with its principal offices in Beaver, West Virginia, and place of business in Dillon and Marlboro Counties, South Carolina. (Exhibit B, South Carolina Secretary of State Record). JFF has been registered to do business in the State of South Carolina since February 9, 2007. Id. Consistent with its being registered to do business in South Carolina, JFF established a business location at Catfish Bay, South Carolina.

B.      The Catfish Bay Farm Project

In August 2010, JFF contacted Guess Farm Equipment at its office in South Carolina. JFF was interested in installing irrigation systems on several farms it owned in South Carolina, including the Catfish Bay Farm located in Dillon County, South Carolina, which is the project at issue in this litigation. (Exhibit D, Fields Aff. ¶ 3.)

As the company's agricultural engineer, R. Tyler Fields handled the negotiations on behalf of Guess Farm Equipment. Id. ¶ 5. In mid-August 2010, a meeting was held in Summerton, South Carolina, to map out JFF's properties so that an irrigation design could be prepared. Id. ¶ 6. In early September 2010, Mr. Fields hand delivered to JFF's farm manager, Tom Floyd, a proposal to install an irrigation system at Catfish Bay Farm. Id. ¶ 7. A subsequent meeting was held at Mr. Floyd's office in Gable, South Carolina, to discuss the proposal. Id. ¶ 8. In November 2010, following further discussions, Mr. Fields submitted a revised proposal for Catfish Bay Farm to Mr. Floyd at his office in Gable, South Carolina. Id. ¶ 8.

With only one exception, all face-to-face meetings with representatives of JFF concerning the Catfish Bay Farms project were held in South Carolina, and all representatives of Guess Farm Equipment participating in the negotiations over the Catfish Bay Farm project were

physically present in South Carolina. (Fields Aff. ¶¶ 9-11.) The single exception occurred on January 18-19, 2011, when Mr. Fields drove to Beaver, West Virginia, to meet with Jay Justice (J. C. Justice, III) and one of his employees to discuss the Catfish Bay Farm proposal. Id. ¶¶ 12-15. The duration of the meeting was approximately one hour, and during that time, no agreements were reached and no terms were finalized. Over the next several weeks, negotiations between JFF and Guess Farm Equipment continued, either by telephone or in face-to-face meetings, which were held in South Carolina. Id. ¶ 16.

C.     The Agreement

In February 2011, the parties entered into a written contract, whereby Defendant was to install an irrigation system for JFF at its Catfish Bay Farm location ("the "Project"). (Fields Aff. ¶¶ 7, 17; Compl. ¶ 11.) On February 9, 2011, Mr. Fields signed the contract on behalf of Guess Farm Equipment in Gable, South Carolina.  One day later, Mr. Justice signed the contract on behalf of JFF. Guess Farm Equipment was the general contractor on the Project.

D.     Performance of the Project

All of the work required by the contract, which involved the physical installation of an irrigation system on JFF's Catfish Bay Farm, was performed in South Carolina. The employees who worked on the Project performed their service work at the Project premises in South Carolina. Approximately 14 individuals were employed by Guess Farm Equipment to complete the Project. Of these employees, 12 are residents of South Carolina.  Likewise, with the exception of the limited interaction with Mr. Justice in West Virginia, virtually all of Guess Farm Equipment's dealings with JFF involved JFF's employees located in South Carolina.

In addition to the Catfish Bay Farm project, Guess Farm Equipment has performed service work on other properties owned by JFF.  All of these properties were located in South

Carolina; no work was performed in West Virginia.

## ARGUMENT

I.     **The Court Should Dismiss the Complaint for Lack of Personal Jurisdiction**

A.     **Legal Standard**

In determining whether it is proper for the court to exercise personal jurisdiction over a nonresident defendant such as Guess Farm Equipment, the district court engages in a two-step process:  (1) a statutory inquiry into whether a state statute authorizes service of process on the defendant, and (2) a constitutional inquiry into whether service of process comports with due process. See In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997).  The West Virginia long-arm statute relating to corporations is found at West Virginia Code § 56-3-33. As the Fourth Circuit recognized, however, "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary . . . to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry." In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir.1997). Accordingly, "the only question before this Court is whether the exercise of personal jurisdiction over [the defendant] would be consistent with the Due Process Clause." Jeffers v. Wal-Mart Stores, Inc., 152 F. Supp. 2d 913, 916 (S. D. W. Va. 2001); see also Celotex, supra, 124 F.3d at 628.

To satisfy constitutional due process, the defendant must have sufficient "minimum contacts" with West Virginia so that requiring it to defend its interests here would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). As the Fourth Circuit explained in Celotex:

> A court's exercise of personal jurisdiction over a non-resident
> defendant is consistent with the Due Process Clause if the

> defendant has sufficient "minimum contacts" with the forum such that requiring the defendant to defend its interests in the forum does not offend traditional notions of fair play and substantial justice. Later cases have clarified that the minimum contacts must be "purposeful." This "purposeful" requirement rests on the basic premise that traditional notions of fair play and substantial justice are offended by requiring a non-resident to defend itself in a forum when the non-resident never purposefully availed itself of the privilege of conducting activities within the forum, thus never invoking the benefits and protections of its laws. Moreover, this "purposeful" requirement helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum.

124 F.3d at 628 (internal quotation marks and citations omitted).

The burden of proof is on JFF, as plaintiff, to establish the existence of sufficient facts to allow the exercise of jurisdiction over Guess Farm Equipment. See Celotex, supra, 124 F.3d at 628; Carefirst of Md., Inc. v. Carefirst Pregnancy Crisis Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) ("When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff."). Ultimately, JFF must establish personal jurisdiction over non-resident Guess Farm Equipment with a preponderance of the evidence. New Wellington Fin. Corp. v.. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).

The law has long recognized that the mere fact of entering into a contract with an in-state party is insufficient to give *in personam* jurisdiction over a nonresident defendant. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contact in the other party's home forum, we believe the answer is that it cannot."). Moreover, federal courts have held that a nonresident defendant's facsimile and telephone communications or negotiations with an in-state plaintiff are insufficient to subject the nonresident defendant to

personal jurisdiction. See, e.g., Federated Rural Elec. Inc. v. Inland Power & Light Co., 18 F.3d

389 (7th Cir. 1994) (holding that "making telephone calls and mailing payments into the forum

state are insufficient bases for jurisdiction."); Hydrokinetics, Inc. v. Alaska Mechanical, Inc., 700

F.2d 1026 (5th Cir. 1983) (same).

**B.      Personal Jurisdiction over Guess Farm Equipment Does Not Satisfy
         Constitutional Due Process**

The exercise of personal jurisdiction over Guess Farm Equipment by this Court would

violate the federal due process requirements because (i) Guess Farm Equipment does not have

sufficient minimum contacts with West Virginia, and (ii) maintaining the suit in West Virginia

will offend "traditional notions of fair play and substantial justice."

**1.      Minimum Contacts**

Guess Farm Equipment does not have sufficient "minimum contacts" with West

Virginia to subject it to personal jurisdiction in this Court. To establish "minimum contacts,"

Plaintiff must show that Guess Farm Equipment is subject to either general jurisdiction or

specific jurisdiction. ALS Scan, Inc. v. Digital Servs. Consultants, Inc., 293 F.3d 707, 711-12

(4th Cir. 2002) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8

(1984)). In either case, Plaintiff must show that Guess Farm Equipment has itself purposefully

directed activities at the forum or its residents, and that "the defendant's actions must be direct at

the forum state in more than a random, fortuitous, or attenuated way." ESAB Group, Inc. v.

Centricut, Inc., 126 F.3d 617, 625 (4th Cir. 1997) (citing Burger King, 471 U.S. at 475). This

requirement thus "protects a defendant from having to defend [itself] in a forum where [it]

should not have anticipated being sued." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d

373, 277 (4th Cir. 2009).

The minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); see also In re Celotex, 124 F.3d at 628 ("The touchstone of the minimum contacts analysis remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state."). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174. Such contacts are utterly lacking in this case.

      a.      Defendant Has No Contacts with West Virginia to Support General Jurisdiction.

General jurisdiction exists when the non-resident's contacts with the forum state are "continuous and systematic," even if the cause of action has no relation to those contacts. See, e.g., Helicopteros Nacionales de Colombia, 466 U.S. at 414 n. 9. The plaintiff thus must establish a substantial connection between the non-resident defendant and the forum state.

As set forth above, far from having continuous and systematic contacts with West Virginia, Guess Farm Equipment has had no purposeful contacts with West Virginia whatsoever that would justify the exercise of general jurisdiction over it. Defendant is a long-standing South Carolina corporation, with its principle office located in South Carolina. It is not now, and has never been, licensed or authorized to do business in West Virginia, and in fact, has never transacted business in this State. It provides no goods or services to consumers in West Virginia, and has no employees in West Virginia. Defendant does not own any real property in West Virginia, and has never designated a registered agent in West Virginia. Accordingly, Guess Farm

Equipment has none of the indicia of an entity engaging in any systematic or continuous activity in West Virginia at all.

   b. Defendant Has No Contacts with West Virginia to Support Specific Jurisdiction.

  Specific jurisdiction over a non-resident defendant exists when the defendant has purposefully directed its activities at the forum state and the plaintiff's cause of action arises out of the defendant's forum-related activities. ESAB Group, 126 F.3d at 625.  Importantly, "the contacts related to the cause of action must create a 'substantial connection' with the forum state." Id. Thus a court considers (i) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (ii) whether the plaintiffs' claims arise out of those activities directed at the state, and (iii) whether the exercise of personal jurisdiction would be constitutionally reasonable. Carefirst of Md., Inc., 334 F.3d at 297; see also Young v. New Haven Advocate, 315 F.3d 256, 261 (4th Cir. 2002).

  Purposeful availment requires contacts that "proximately result from actions by the defendant himself" or where the defendant's efforts are "purposefully directed" at the forum state.  See Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 943 (4th Cir. 1994) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  Moreover, the Fourth Circuit has taken the view that "purposeful" means "intentional" and that "nothing short of intent will suffice." See Jeffers, supra, 152 F. Supp. 2d at 920. [2]

---

[2] In Health Communications, Inc. v. Mariner Corp., 860 F.2d 460 (D.C. Cir. 1988), the court concluded that the District of Columbia did not have jurisdiction over a nonresident corporation that signed a contract with a D.C. corporation for provision of services.  The court recognized that "a purchaser who selects an out-of-state seller's goods or services based on their economic merit does not thereby purposefully avail itself of the seller's state law, and does not merely by purchasing from the seller submit to the laws of the jurisdiction in which the seller is located or from which it ships its merchandise." Id. at 465.

{C2102263.1}

Here, Plaintiff cannot demonstrate that this Court has specific jurisdiction over Guess Farm Equipment for one inescapable fact: Defendant did not "purposefully avail" itself of the privilege of conducting activities within West Virginia. The fact that Defendant traveled to West Virginia *once* to discuss (during a single, one-hour meeting) certain aspects of the Contract is wholly insufficient to subject Guess Farm Equipment to jurisdiction in West Virginia, particularly when the work pursuant to the Contract was to be performed entirely in South Carolina, by a South Carolina contractor.

The mere act of stepping foot in West Virginia does not satisfy the due process requirements that Guess Farm Equipment purposefully availed itself of the privilege of conducting activities in West Virginia, or invoked the benefits and protections of West Virginia law. It is undisputed that all of the work performed pursuant to the Contract was performed in South Carolina. Apart from one occasion, all face-to-face meetings with representatives of JFF concerning the Catfish Bay Farms project were held in South Carolina, and all representatives of Guess Farm Equipment participating in the negotiations over the Catfish Bay Farm project were physically present in South Carolina. (Fields Aff. ¶¶ 9-11.) The single exception occurred on January 19, 2011, when Mr. Fields visited Jay Justice (J. C. Justice, III) in Beaver, West Virginia, to discuss the Catfish Bay Farm proposal. Id. ¶ 12-15. The duration of the meeting was approximately one hour, and during that time, no agreements were reached and no terms were finalized. Over the next several weeks, discussions between JFF and Guess Farm Equipment continued, either by telephone or in face-to-face meetings, which were held in South Carolina. The inconsequential, one-time meeting in West Virginia simply has no bearing on whether Defendant is subject to jurisdiction in West Virginia and is insufficient to confer the same.

Likewise, the mere fact that Guess Farm Equipment entered into a service contract with a corporation that happens to have an office in West Virginia is not constitutionally sufficient to exercise personal jurisdiction over Defendant in West Virginia. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis omitted). Guess Farm Equipment did not solicit business from JFF in West Virginia. Even if it had, this alone would not be sufficient to establish jurisdiction in West Virginia. Id. Prior negotiations, contemplated future consequences, the terms of the contract, and the parties' actual course of dealing are what determine whether contracting with an out-of-state party constitutes sufficient minimum contacts to create jurisdiction. See id. at 479. In this case, with only one exception, all of the in-person discussions took place in South Carolina. Communications and business dealings between the parties were expected to and did center in and around South Carolina, and all of the contracted-for services were performed exclusively in South Carolina, on JFF's property located in South Carolina. In other words, the parties' actual course of dealing overwhelmingly indicates that the parties contemplated a nexus to South Carolina, not West Virginia. Plaintiff itself is authorized to transact business in South Carolina and does in fact transact business in South Carolina, including at its Catfish Bay Farms property and its offices located in Gable, South Carolina, and Turbeville, South Carolina.

2.    Traditional Notions of Fair Play and Substantial Justice

Since Guess Farm Equipment has no purposeful contacts with West Virginia, it is unnecessary to consider certain other factors that may be relevant to "traditional notions of fair play and substantial justice," such as the burden on the defendant, the plaintiff's interest in

obtaining relief, the interests of the forum state, and the efficient resolution of controversies as between states. See Chung v. NANA Dev. Corp., 783 F.2d 1124, 1129-30 (4th Cir.), *cert. den.*, 479 U.S. 948 (1986); see also Lesnick, supra, 35 F.3d at 945-46. A strong showing on these factors may make the exercise of personal jurisdiction reasonable in a close case, but it "cannot . . . make up for a nearly complete lack of purposeful contact" with the forum state. Jeffers, supra, 152 F. Supp. 2d at 923-24.

In any event, traditional notions of fair play and substantial justice weigh against the exercise of personal jurisdiction in West Virginia in this case. Litigating in the distant forum of West Virginia would be a substantial burden on Guess Farm Equipment, which conducts all of its business in South Carolina, and it is in no way necessary for JFF to obtain relief. Secondly, West Virginia does not have a significant interest in the enforcement of a contract negotiated and performed in South Carolina, and governed by South Carolina law, regardless of the residence of one of the contracting parties. This is especially so because the alleged breach of contract concerns Guess Farm Equipment's *performance*, which occurred exclusively in South Carolina and thus relates solely to activities outside West Virginia. Finally, it is not efficient to litigate in West Virginia when virtually every employee and witness resides in South Carolina, the Project site is located in South Carolina, and the present dispute has nothing to do with activities in West Virginia. If JFF desires to do business and perform contracts in South Carolina, it should be required to sue on those contracts in South Carolina. For all the foregoing reasons, it would be inconsistent with due process for this Court to exercise personal jurisdiction over Guess Farm Equipment in this matter. The Complaint should therefore be dismissed.

{C2102263.1}

## II.    The Court Should Dismiss the Complaint for Improper Venue

Pursuant to 28 U.S.C. § 1391, a civil action wherein jurisdiction is founded solely on diversity of citizenship may be brought in any judicial district where the defendant resides, or where a "substantial part" of the events or omissions giving rise to the claim occurred.  Venue is thus improper if (i) the defendant does not reside in the district where the suit is brought, (ii) a substantial part of the claim did not occur in the district where the suit is brought, or (iii) the plaintiff's choice of venue does not comply with a valid forum-selection clause. 28 U.S.C. § 1391(a)(1)-(3). For venue purposes, a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Id. § 1391(c). Since Guess Farm Equipment is not subject to personal jurisdiction in West Virginia, and since a "substantial part" of the events or omissions giving rise to the claim occurred outside West Virginia, the action should be dismissed.

## III.    Alternatively, the Court Should Transfer Venue, Pursuant to 28 U.S.C. § 1404(a), to the District of South Carolina.

A district court may transfer any civil action to any other district or division where it might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The decision to transfer venue is committed to the sound discretion of the trial court. See Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir.1956). The burden is generally on the movant. Versol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582, 592 (E.D .Va.1992). However, the burden facing Guess Farm Equipment is not onerous: "[W]here the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Paulcin v. Gillian, 2008 WL 4328217, at *2 n.3 (N.D. Fla. Sept. 17, 2008). Because the operative facts occurred within the District of South Carolina, the presumptive deference typically accorded plaintiff's choice of forum is not present.

{C2102263.1}

The first step in a transfer analysis is determining whether the alternative venue is one in which plaintiff could have originally filed this action. See Van Dusen v. Barrack, 376 U.S. 612, 616-17 (1964). Once that determination is made, a court should consider the following private and public interest factors: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice. In re Campbell Transp. Co., Inc., 368 F.Supp.2d 553, 555–56 (N. D. W.Va. 2005). As the below analysis will show, every relevant factor either supports a transfer to the District of South Carolina or would be convenience-neutral.

Here, Plaintiff could have filed this lawsuit, based on diversity, in the District of South Carolina. Defendant is incorporated under the laws of South Carolina, maintains is principal place of business in South Carolina, and performed all of its service work as required by the contract in this case in South Carolina. Therefore, the District of South Carolina would have been a proper venue because Guess Farm Equipment both "resides" in that District and a substantial part of the events or omissions giving rise to the claim occurred there. See 28 U.S.C. § 1391(a). The question before the Court thus narrows to whether the relevant factors support transfer to the District of South Carolina.

### A.    Location of Relevant Documents and Relative Ease of Access to Sources of Proof

This dispute involves a breach of a contract for installation of irrigation devises on JFF's farm land, which is situated in South Carolina. Potentially critical sources of proof are thus physically located in South Carolina and cannot be removed or transported. Guess Farm Equipment is unaware of any relevant documents located in this District. Accordingly, the

location of relevant documents and ease of access to sources of proof that are immovable weigh strongly in favor of transfer to the District of South Carolina.

The operative facts of this dispute occurred almost entirely within the District of South Carolina. All of the work required by the contract, which involved the physical installation of an irrigation system on JFF's Catfish Bay Farm, was performed in South Carolina. The employees who worked on the Project performed their service work at the Project premises in South Carolina. Approximately 14 individuals were employed by Guess Farm Equipment to complete the Project. Of these employees, 12 are residents of South Carolina. Likewise, with the exception of the limited interaction with Mr. Justice in West Virginia, virtually all of Guess Farm Equipment's dealings with JFF involved JFF's employees located in South Carolina. The events that occurred beyond the borders of the South Carolina provide, at best, nothing more than color and context to this dispute. The Southern District of West Virginia is not the location of any relevant facts, much less the locus of operative facts.  factor supports transfer to the District of South Carolina.

**B.    Convenience of the Parties**

The District of South Carolina is the most convenient venue for this matter because all of the parties to this dispute are conveniently located in South Carolina. Guess Farm Equipment has 14 employees and contractors working every day on this matter in South Carolina. Travel time and expenses for party witnesses would be drastically reduced if they were not required to make five-hour journeys to Beckley, West Virginia. Because Guess Farm Equipment's convenience would be greatly served by a transfer of venue and JFF would suffer no inconvenience from such a transfer, this factor weighs in favor of transfer to the District of South Carolina.

{C2102263.1}

JFF is a West Virginia limited liability company with regional offices in Dillon and Marlboro Counties, South Carolina. (Exhibit B, South Carolina Secretary of State Record). JFF has been registered to do business in the State of South Carolina since February 9, 2007. Id. Consistent with its being registered to do business in South Carolina, JFF established a business location at Catfish Bay, South Carolina, and maintains offices in Gable and Turbeville, South Carolina.

### C.     Convenience of the Witnesses

The Defendant is presently unaware of any non-party witnesses that reside in the Southern District of West Virginia. Therefore, transferring this case to the District of South Carolina will either make it more convenient for non-party witnesses or be convenience-neutral. Nor is Guess Farm Equipment aware of any party that has key operations or key personnel in the Southern District of West Virginia. In short, none of the presently known witnesses to this action have a substantial presence in the Southern District of West Virginia. By comparison, venue in South Carolina will be more convenient for the overwhelming majority of the presently known key fact witnesses, including the employees of both Guess Farm Equipment and JFF who are residents of South Carolina. Witnesses include Tyler Fields, who served in his capacity as Agricultural Engineer, and was involved in the design of the irrigation system and the negotiation of the contract, William Taber (Manager – St. Matthews Operations, who was also involved in contract negotiations), and Brady Fowler (Field Supervisor, who was on the site on a regular basis, observing the progress of the work and issues that arose). All of these individuals have knowledge of the facts of this case, are likely to testify at any trial on the merits, and are residents of South Carolina. As the "most important" factor in determining whether a motion for

transfer should be granted, the convenience of witnesses strongly favors a transfer to the District of South Carolina.

**D.      Availability of Process to Compel the Attendance of Unwilling Witnesses**

This factor likewise strongly supports transfer to the District of South Carolina. The fact of the matter is that, because virtually all of the witnesses are located in South Carolina and key third-parties are located in South Carolina, the parties will be litigating in the District of South Carolina almost assuredly when subpoenas/deposition notices are issued to these witnesses. Should these witnesses desire to modify or quash the subpoenas, that motion to quash will be heard in the District of South Carolina where they reside and presumably where they will be served. Accordingly, there is no question that the District of South Carolina is already involved in this litigation, so there is no harm in sending this entire matter there, rather than having piecemeal litigation occurring in two separate district courts located hundreds of miles apart.

Despite the critical nature of the evidence that employees of Guess Farm Equipment and the employees of JFF could provide, this Court would likely be unable to compel their testimony. Because those companies' offices are located in South Carolina, their employees likely reside in the vicinity and thus in the District of South Carolina. See Conseal Int'l Inc., 2009 WL 1285865, at *3 (noting that non-party entity was located in Orlando, that it was therefore likely that the entity's employees resided in the area, and were thus outside of the Court's subpoena power.) In fact, the subpoena power of this Court will be very limited if the case proceeds to trial, as virtually none of the key witnesses reside in this District. Several important witnesses do, however, reside in South Carolina and the ability of that Court to compel their testimony would provide a more accurate picture at trial and thus enhance the interests of justice. This factor weighs strongly in favor of transfer of this action to the District of South Carolina.

{C2102263.1}

E.    **Location of Relevant Documents and Relative Ease of Access to Sources of Proof; Possibility of a View**

This dispute involves a breach of a contract for installation of irrigation devises on JFF's farm land, which is situated in South Carolina. A jury view, if necessary, could only occur at the Project premises in South Carolina. Potentially critical sources of proof are physically located in South Carolina and cannot be removed or transported. Guess Farm Equipment is unaware of any relevant documents located in this District. Accordingly, the location of relevant documents and ease of access to sources of proof that are immovable weigh strongly in favor of transfer to the District of South Carolina.

F.    **The Interest in Having Local Controversies Decided at Home; Interests of Justice**

Regardless of venue, South Carolina substantive law will apply to this breach of contract action. Guess Farm Equipment signed the contract in South Carolina, performed all of its work in South Carolina, and allegedly breached its performance of this Contract in South Carolina. Plaintiff is located in South Carolina, Defendant is located in South Carolina, and virtually every one of their employees relevant to this dispute is located in South Carolina. Importantly, the Project itself is located in South Carolina. There is no question that South Carolina law will apply substantively in this breach of contract case, and it is likely that the District of South Carolina is more familiar with applying South Carolina law.

Not only does the District of South Carolina have a greater interest in this dispute, it also has personal jurisdiction over Guess Farm Equipment. As discussed in greater detail in Section I of the motion to dismiss above, this Court lacks personal jurisdiction over Guess Farm Equipment. Although JFF could dismiss this case and refile it in the District of South Carolina, the more efficient avenue — and the sole purpose of the transfer statute — would be to transfer

this matter in its entirety to the district court with personal jurisdiction over the parties and all the judicial resources to adjudicate this matter in its entirety.

## CONCLUSION

For the above reasons, Guess Farm Equipment respectfully requests that the Complaint against it be dismissed in its entirety, or in the alternative, that the matter be transferred to the District of South Carolina.

Respectfully submitted,

**GUESS FARM EQUIPMENT COMPANY, INC.
D/B/A GUESS IRRIGATION COMPANY**

By Counsel

/s/ David Allen Barnette
David Allen Barnette (WVSB # 242)
Vivian H. Basdekis (WVSB #10587)
Attorneys for the Defendant
JACKSON KELLY PLLC
1600 Laidley Tower
Charleston, WV 25322
Tel: (304) 340-1000
Fax: (304) 340-1272
dbarnette@jacksonkelly.com
vhbasdekis@jacksonkelly.com